66855-95-121

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PROFESSIONAL SOLUTIONS INSURANCE COMPANY, | ) ) | Case No. 16-cv-09868 |
| Plaintiff, | ) | District Judge: |
| v. | ) ) | The Hon. Harry D. Leinenweber |
| DALE GIOLAS, M.D., and STACI FERGUSON, | ) | Magistrate Judge: |
| Defendants. | ) | The Hon. Jeffrey T. Gilbert |

**PROFESSIONAL SOLUTIONS INSURANCE
COMPANY's MEMORANDUM OF LAW IN SUPPORT
OF ITS RULE 56 MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

STACI FERGUSON ("FERGUSON") filed a lawsuit against DALE GIOLAS, M.D. ("GIOLAS"), in which she alleges that she was a patient of GIOLAS, that GIOLAS engaged in improper sexual activity with her, and by doing so, violated certain statutes and committed common law battery. (LR 56.1(a)(3) Statement, ¶ 3, ¶ 4, ¶ 6.) GIOLAS sought a defense to the *Ferguson* lawsuit under a Professional Liability Policy he obtained from PROFESSIONAL SOLUTIONS INSURANCE COMPANY ("PSIC"). (LR 56.1(a)(3) Statement, ¶ 12.) However, PSIC denied coverage and filed a declaratory judgment action because the *Ferguson* Complaint is not potentially covered by the PSIC Policy. (LR 56.1(a)(3) Statement, ¶ 1.) A comparison of the facts alleged by FERGUSON with the provisions of the PSIC Policy shows that there is no potential coverage in favor of GIOLAS for the *Ferguson* lawsuit. Therefore, PSIC does not have a duty to defend or indemnify GIOLAS in the *Ferguson* lawsuit, and judgment as a matter of law should be entered in favor of PSIC and against GIOLAS on PSIC's Complaint for Declaratory Judgment.

## ARGUMENT

### Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine issue as to any material fact, and that movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. To determine whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the non-movant. *Bennington v. Caterpillar, Inc.,* 275 F.3d 654, 658 (7th Cir. 2001). However, when a party has properly supported a motion for summary judgment, the opposing party must bring forth specific facts showing the existence of a genuine issue of fact to prevent summary judgment in the movant's favor. *American Automobile Insurance Co. v. B.D. McClure & Assoc.,* 2010 U.S. Dist. LEXIS 140172 (N.D. Ill., January 21, 2011), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986).

### Insurance Policy Rules of Construction

The case at bar involves the construction of an insurance policy which is a question of law for the Court to decide. *Travelers Insurance Co. v. Eljer Manufacturing, Inc.*, 197 Ill.2d 278, 757 N.E.2d 481 (2001). The rules of construction applicable to an insurance policy are well settled in Illinois. These rule were summarized by the Illinois Supreme Court in *American States Insurance Co. v. Koloms,* 177 Ill.2d 473, 479-80, 687 N.E.2d 72 (1997) as follows:

> "A court's primary objective in construing the language of the policy is to ascertain and give effect to the intentions of the parties as expressed in their agreement. (citation omitted). If the terms of the policy are clear and unambiguous, they must be given their plain and ordinary meaning. (citation omitted). Conversely, if the terms of the policy are susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the policy. (citation omitted). In addition, provisions that limit or exclude coverage will be interpreted liberally in favor of the insured and against the insurer. (citation omitted). A court must construe the policy as a whole and take into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract. (citations omitted). Finally, the construction of an insurance policy is a question of law subject to *de novo* review. (citation omitted)."

The rules applicable to an insurer's duty to defend are also well settled in Illinois. An insurer's duty to defend exists if the facts alleged in the underlying complaint fall within, or potentially within, the coverage of the policy. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.,* 154 Ill.2d 90, 107-08, 607 N.E.2d 1204 (1992). "Both the policy terms and the allegations in the underlying complaint are liberally construed in favor of the insured, and any doubts and ambiguities are resolved against the insurer." *State Farm Fire & Casualty Co. v. Perez,* 387 Ill.App.3d 549, 553, 899 N.E.2d 1213 (1st Dist. 2008). "However, the general rules that favor the insured must 'yield to the paramount rule of reasonable construction which guides all contract interpretations'". *Amerisure Mutual Insurance Co. v. Microplastics, Inc.,* 622 F.3d 806, 811 (7th Cir. 2010), quoting *Western States Insurance Co. v. Bobo,* 268 Ill.App.3d 513, 516, 644 N.E.2d 486 (5th Dist. 1994). Additionally, it is the actual allegations, not some hypothetical version which must be construed, and while the court should read the allegations liberally, they should not be bent entirely out of shape in order to find potential coverage. *Lagestee-Mulder, Inc. v. Consolidated Insurance Co.,* 682 F.3d 1054, 1059 (7th Cir. 2013); *Steadfast Insurance Co. v. Caremark Rx, Inc.,* 359 Ill.App.3d 749, 761, 835 N.E.2d 890 (1st Dist. 2005).

### Factual Background

GIOLAS is a psychiatrist who treated FERGUSON from 2011 until early 2016. (LR 56.1(a)(3) Statement, ¶ 4.) FERGUSON filed a lawsuit against GIOLAS in 2016, alleging that in 2014, GIOLAS began a sexual relationship with her which has caused her severe emotional distress. (LR 56.1(a)(3) Statement, ¶ 3, ¶ 4, ¶ 7.) GIOLAS does not deny he had a personal relationship with FERGUSON, but denies that the relationship included any sexual activity. (LR 56.1(a)(3) Statement, ¶ 5.)

The *Ferguson* Complaint alleges that GIOLAS' improper sexual activity violated the Sexual Exploitation in Psychotherapy, Professional Health Services and Professional Mental Health Services Act, 740 ILCS 140/0.01 et seq., the Gender Violence Act, 740 ILCS 82/1 et seq., and constituted common law battery. (LR 56.1(a)(3) Statement, ¶ 6). However, the *Ferguson*

Complaint does not contain a psychiatric malpractice claim, nor does FERGUSON attach an affidavit and report pursuant to 735 ILCS 5/2-622 establishing a reasonable and meritorious cause for filing a psychiatric malpractice claim against GIOLAS. (LR 56.1(a)(3) Statement, ¶ 8, ¶ 9.) Additionally, GIOLAS does not view the *Ferguson* lawsuit as one alleging a professional negligence claim since he did not raise FERGUSON's failure to comply with Section 2-622 as grounds to dismiss her complaint. (LR 56.1(a)(3) Statement, ¶ 11.)

GIOLAS sought coverage for the *Ferguson* Complaint under a Professional Liability Policy issued by PSIC. (LR 56.1(a)(3) Statement, ¶ 12.) The PSIC Policy covers an insured for damages because of an injury caused by an incident in the performance of professional services. (LR 56.1(a)(3) Statement, ¶ 13.) PSIC denied coverage and filed the instant declaratory judgment action because the *Ferguson* Complaint does not allege an injury caused by a potentially covered incident. (LR 56.1(a)(3) Statement, ¶ 18.) It is clear on the face of the *Ferguson* Complaint that a professional negligence claim is not alleged. (LR 56.1(a)(3) Statement, ¶ 8.) Additionally, FERGUSON's allegations of emotional distress do not allege an injury, as the term is interpreted under Illinois law. (LR 56.1(a)(3) Statement, ¶ 7, ¶ 10, ¶ 18.) GIOLAS disputes PSIC's coverage denial, pointing to allegations in the *Ferguson* Complaint that GIOLAS prescribed a potentially dangerous combination of drugs for her. (LR 56.1(a)(3) Statement, ¶ 20.) However, this allegation is not linked to any theory of liability set forth in the *Ferguson* Complaint. (LR 56.1(a)(3) Statement, ¶ 21.)

### The *Ferguson* Complaint is Not Potentially Covered by the PSIC Policy Because a Negligent Omission, Act, or Error in Providing Psychiatric Services is Not Alleged

PSIC wrote a Professional Liability Policy for GIOLAS which covered GIOLAS for injury to a patient caused by any negligent omission, error or act causally related to the rendering of or failure to render professional services within the scope of practice of a psychiatrist. (LR 56.1(a)(3) Statement, ¶ 13, ¶ 14.) In Illinois, professional services are those which involve specialized knowledge, labor or skill, predominantly mental or intellectual in nature. See *American Family*

4

*Insurance Co. v. Enright*, 334 Ill.App.3d 1026, 781 N.E.2d 394 (2nd Dist. 2002); *Gould & Ratner v. Vigilant Insurance Co.,* 336 Ill.App.3d 401, 782 N.E.2d 749 (1st Dist. 2002). In her Complaint, FERGUSON does not allege that GIOLAS was negligent in connection with the psychiatric treatment he provided to FERGUSON. (LR 56.1(a)(3) Statement, ¶ 8.) Her Complaint does not include a psychiatric malpractice count, and she does not attach an affidavit and report to support a malpractice claim in accordance with 735 ILCS 5/2-622. (LR 56.1(a)(3) Statement, ¶ 8, ¶ 9.) Rather, FERGUSON's allegations of an improper sexual relationship with GIOLAS are outside of the parties' professional relationship. Furthermore, FERGUSON's claims involving violations of the Exploitation Act, the Gender Violence Act and Battery do not include as an element of the claim, the negligent performance of psychiatric services by GIOLAS. Therefore, the Complaint does not come within PSIC Policy's coverage for an incident in the performance of professional services.

In *ISMIE Mutual Insurance Co. v. Michaelis Jackson & Associates, LLC,* 397 Ill.App.3d 964, 921 N.E.2d 1156 (5th Dist. 2009), Dr. Jackson sought coverage under a professional liability policy for a lawsuit filed by former employees under the False Claims Act (31 USC § 3729) for allegedly submitting false Medicare reimbursement claims. 397 Ill.App.3d at 965. The trial court held that the professional liability policy issued to Jackson by ISMIE Mutual did not potentially cover the suit, and the Fifth District affirmed, stating "We conclude that the trial court's determination that there were no claims being made involving 'personal injury' caused by 'professional services' was correct." 397 Ill.App.3d at 973.

In *Continental Casualty Co. v. Donald T. Bertucci, Ltd.,* 399 Ill.App.3d 775, 926 N.E.2d 833 (1st Dist. 2010), a case involving a legal malpractice policy, the Court reached a similar conclusion. Bertucci was sued by a former client for allegedly retaining an excessive fee in connection with a medical malpractice case the attorney settled for the client. 399 Ill.App.3d at 836. Bertucci sought a defense to the suit from his legal malpractice insurer under a policy providing coverage for damages by reason of any act or omission in providing legal services. 399

5

Ill.App.3d at 776-77.  The Court concluded that the policy did not provide coverage in part because the client's claims did not allege any acts or omission on the attorney's part in the performance of legal services.  The Court reasoned that "[The client's] claims concern ordinary, non-legal services rather than 'an act or omission in the performance of legal services by the insured' within the meaning of the insurance agreement." *Donald T. Bertucci, Ltd.*, 399 Ill.App.3d at 777.  See also, *Illinois State Bar Association Mutual Insurance Co. v. Mondo,* 392 Ill.App.3d 1032, 1039-40, 911 N.E.2d 1144 (4th Dist. 2009)(Claims related to attorney's performance as an insurance expert not an attorney were not covered by the attorney's legal malpractice policy.).

In the case at bar, it is clear on the face of the *Ferguson* Complaint that no allegations of negligence are being made in connection with the psychiatric care provided by GIOLAS. (LR 56.1(a)(3) Statement, ¶ 8.)  Neither FERGUSON nor GIOLAS view the lawsuit as a psychiatric malpractice case since FERGUSON did not comply with Section 2-622 by filing an affidavit and report showing a meritorious claim, and GIOLAS did not raise FERGUSON's failure as grounds to dismiss the Complaint. (LR 56.1(a)(3) Statement, ¶ 9, ¶ 11.)  The PSIC Policy covers GIOLAS in suits alleging negligence in providing psychiatric services, but no such allegations are included in the *Ferguson* Complaint.  Therefore, PSIC does not have a duty to defend GIOLAS in the *Ferguson* lawsuit.

GIOLAS argues that FERGUSON's allegation that he prescribed a potentially dangerous mixture of drugs for her brings the Complaint potentially within PSIC Policy's coverage. (LR 56.1(a)(3) Statement, ¶ 20.)  However, this allegation is not linked to any of the theories of liability alleged in the *Ferguson* Complaint. (LR 56.1(a)(3) Statement, ¶ 21.)  In *Healthcare Industry Liability Insurance Program v. Momence Meadows Nursing Center, Inc.,* 566 F.3d 689, 696 (7th Cir. 2009), the Court noted that the factual allegations of an underlying complaint are important to a duty to defend analysis, but only if those allegations are directed to a theory of recovery.  See also, *Westfield Insurance Co. v. West Van Buren, LLC,* 2016 IL App (1st) 140862, ¶ 20; *ISMIE Mutual Insurance Co. v. Michaelis Jackson & Associates, LLC,* 397 Ill.App.3d 964, 971, 921

N.E.2d 1156 (5th Dist. 2009);. Here, FERGUSON's allegations concerning GIOLAS' prescription practices is not mentioned in her claims under the Exploitation and Gender Violence Acts or in her battery claim. These claims are all grounded on the alleged improper sexual relationship. (LR 56.1(a)(3) Statement, ¶ 6.) Therefore, because the allegation that GIOLAS prescribed a potentially dangerous mixture of drugs is not directed to any of FERGUSON's theories of recovery, it does not trigger a duty to defend. *Healthcare Industry Liability Insurance Program,* 566 F.3d at 696.

### FERGUSON's Allegation of Emotional Distress Does Not Allege an Injury as the Term is Used in the PSIC Policy

The PSIC Policy obligates the company to defend suits seeking damages for an injury caused by an insured's negligence in providing professional services. The term "injury" is defined as "bodily injury, sickness, disease or death sustained by any one person." (LR 56.1(a)(3) Statement, ¶ 15.) Under Illinois law, a claim alleging purely emotional distress does not come within this definition. See, *SCR Medical Transport Services v. Browne,* 335 Ill.App.3d 585, 781 N.E.2d 564 (1st Dist. 2002); *University of Illinois v. Continental Casualty Co.,* 234 Ill.App.3d 340, 599 N.E.2d 1338 (1st Dist. 1992); *Commercial Union Insurance Co. v. Image Control Property Management,* 918 F.Supp. 1165 (N.D. Ill. 1996).

In *Browne,* the plaintiff was sexually assaulted by a medical van driver. She filed a complaint against the transportation company which included a negligence count which alleged that the driver's negligent conduct caused her anxiety and fear. 335 Ill.App.3d at 587. The Court determined that a complaint alleging fear and anxiety did not plead a physical injury and, therefore, did not come within the policy's coverage for bodily injury. 335 Ill.App.3d at 592.

In *University of Illinois*, the University sought coverage for several employment-related suits under a Board of Education Liability Policy. The suits included allegations of mental anguish and mental distress. The Court discussed cases from Illinois and other jurisdictions which hold that a policy defining injury as bodily injury, sickness, disease or death did not cover a claim

7

seeking emotional distress. 234 Ill.App.3d at 360-362. Based on these cases, the Court stated that "bodily injury" coverage was restricted to "actual physical injury as opposed to broadening it to include mental anguish and mental distress." *University of Illinois,* 234 Ill.App.3d at 362. See also, *Commercial Union Insurance Co. v. Image Control Property Management,* 918 F.Supp. 1165, 1170-71 (N.D. Ill. 1996). In this case, FERGUSON does not allege actual physical injury resulting from the improper relationship with GIOLAS. Rather, her allegations are limited to emotional distress which do not come within the policy's definition of "injury," and therefore do not trigger a duty to defend under the PSIC Policy.

## **CONCLUSION**

For the reasons stated herein, the Court should grant summary judgment to PSIC and against GIOLAS and FERGUSON on PSIC's Complaint for Declaratory Judgment. Additionally, PSIC requests a finding from the Court that it does not have a duty to defend and indemnify GIOLAS in the *Ferguson* lawsuit under the Professional Liability Policy PSIC issued to GIOLAS. *Crum and Forster Managers Corp. v. Resolution Trust Corp.,* 156 Ill.2d 384, 398, 620 N.E.2d 1073 (1993)("[W]here there is no duty to defend, there is no duty to indemnify.").

                Respectfully submitted,

By:
      /s/ Thomas F. Lucas
      One of the Attorneys for Plaintiff,
      PROFESSIONAL SOLUTIONS
      INSURANCE COMPANY

Thomas F. Lucas, Esq.
Kelly E. Purkey, Esq.
McKenna Storer
33 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
312/558-3900
service@mckenna-law.com
tlucas@mckenna-law.com
kpurkey@mckenna-law.com

**CERTIFICATE OF SERVICE**

I certify that on August 16, 2017, I electronically filed the foregoing **Plaintiff, PROFESSIONAL SOLUTIONS INSURANCE COMPANY's Memorandum of Law in Support of Its Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF System.

I further certify that on August 16, 2017, a copy of the foregoing **Plaintiff, PROFESSIONAL SOLUTIONS INSURANCE COMPANY's Memorandum of Law in Support of Its Motion for Summary Judgment** was served via the CM/ECF System to:

***Attorney for Defendant, Staci Ferguson***
Lawrence Seiwert, Esq.
33 North LaSalle Street
Suite 2200
Chicago, Illinois    60602
312/236-3663 (Phone)

***Attorney for Defendant, Dale Giolas, M.D.***
Richard D. Grossman, Esq.
Law Offices of Richard D. Grossman
211 West Wacker Drive
Suite 710
Chicago, Illinois    60606
312/750-9308 (Phone)

/s/    Thomas F. Lucas
Thomas F. Lucas, IL- No. 03122691
McKenna Storer
33 North LaSalle Street
Suite 1400
Chicago, Illinois    60602
312/558-3900 (Phone)
tlucas@mckenna-law.com
Attorney for Plaintiff