IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| **PROFESSIONAL SOLUTIONS INSURANCE COMPANY,** | : <br> : <br> : <br> : Case No. 16-cv-09868 |
| Plaintiff, | : |
| -vs- | : District Judge: <br> : The Hon. Harry D. Leinenweber |
| **DALE GIOLAS, M.D., and STACI FERGUSON,** | : <br> : Magistrate Judge: <br> : The Hon. Jeffrey T. Gilbert |
| Defendants. | : |

## DEFENDANT DALE GIOLAS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### I.
### Introduction

Plaintiff Professional Solutions Insurance Company ("PSIC") has filed a Motion for Summary Judgment, alleging that it has no duty to defend Dale Giolas, one if its insureds, in a three-count lawsuit now pending in Cook County Circuit Court ("The Underlying Case"). The thrust of Plaintiff's Motion for Summary Judgment appears to be that the Plaintiff in the Underlying Case did not allege a "malpractice" theory, and that the conduct complained of was "outside the parties' professional relationship". (Br. For Pl., p.5). Below, Defendant demonstrates that Plaintiff's contentions are not supported by case law in that courts look to the origin

of the damages, not to the theory alleged, to determine coverage, and that both the Illinois Appellate and Supreme Courts have recognized that the circumstances alleged here by the Plaintiff in the Underlying Case are widely recognized as constituting malpractice or negligence.

## II.

## THE CONDUCT ALLEGED BY THE PLAINTIFF IN THE UNDERLYING CASE IS COVERED BY THE TERMS OF THE POLICY

As even Plaintiff recognizes, the insurance policy in question "covers an insured for damages because of an injury caused by an incident in the performance of professional services" (Br. for Plaintiff, p. 4). Plaintiff also acknowledges that "professional services are those which involve specialized knowledge, labor or skill, mental or intellectual in nature". *Id.* However, Plaintiff asserts that the allegations of the Complaint fail to include the negligent performance of psychiatric services by Defendant Giolas and therefore Plaintiff has no obligation to provide a legal defense for Giolas.

Despite Plaintiff's animadversions, there is no question that what State Court Plaintiff Ferguson is alleging is that she was taken advantage of in the course of psychiatric treatment. She alleges, *inter alia*, that Defendant here was "treating and medicating her for various psychiatric conditions at the time, giving him undue

2

influence over her". (Underlying Complaint, Dkt. No. 1, Ex. A, ¶ 25). The allegation is that in the course of the treatment, Defendant inappropriately became intimate with the State Court Plaintiff.

These are precisely the kind of allegations that the Illinois courts have recognized as constituting malpractice or negligence, to wit:

> The fiduciary duty owed by a psychotherapist exists due to "the very nature of the therapist-patient relationship [which]***gives rise to a clear duty on the therapist's part to engage only in activity or conduct which is calculated to improve the patient's mental or emotional well-being, and to refrain from any activity or conduct which carries with it a foreseeable and unreasonable risk of mental or emotional harm to the patient." *Horak v. Biris* (1985), 130 Ill. App. 3d 140, 145, 85 Ill. Dec. 599, 474 N.E.2d 13 (the court recognized a cause of action for social worker malpractice).
> A medically recognized phenomenon known as "transference" often results during therapy. (*Suppressed v. Suppressed* (1990), 206 Ill. App. 3d 918, 924, 151 Ill. Dec. 830, 565 N.E.2d 101.) In psychiatric practice, transference has been defined as "a phenomenon***by which the patient transfers feelings toward everyone else to the doctor, who then must react with a proper response, the countertransference, in order to avoid emotional involvement and assist the patient in overcoming problems." *Horak*, 130 Ill. App. 3d at 146, 85 Ill. Dec. 599, 474 N.E.2d 13, quoting *Aetna Life & Casualty Co. v. McCabe* (E.D. Pa. 1983), 556 F. Supp. 1342, 1346.
> The psychological dependency of a patient frequently causes the transference phenomenon. (*Suppressed*, 206 Ill. App. 3d at 924, 151 Ill. Dec. 830, 565 N.E.2d 101.) **A psychotherapist incurs liability for malpractice where the therapist mishandled this phenomenon as it generally results in sexual relations with the patient.**
> "The mishandling of this phenomenon, which generally results in sexual relations or involvement between the psychiatrist or therapist and the patient, **has uniformly been considered as malpractice or gross negligence in other jurisdictions, whether the sexual relations were prescribed by the doctor as part of the therapy, or occurred outside the scope of treatment**." (Emphasis [247 Ill. App. 3d 392] added.) *Horak*, 130 Ill. App. 3d at 146, 85 Ill. Dec. 599, 474 N.E.2d 13 and cases cited therein.

3

> Accordingly, the sexual misconduct of a therapist could be viewed as inside the scope of treatment under the guise of therapy.
> **Indeed our supreme court has recognized a cause of action grounded in negligence against a therapist who engages in sexual relations with his patient** and that patient need not allege physical injury in order to recover for emotional distress. (*Corgan v. Muehling*, 143 Ill. 2d 296 (1991). (Emphasis added).

*St. Paul Fire and Marine Ins. Co. v. Downs*, 617 N.E.2d 338, 344 (1993).

Again, it is not Plaintiff's "theory" that determines whether the policy covers the acts described. *American Economy v. DePaul University*, 890 N.E.2d 582, 587 (2008). And in determining the application of an exclusion, courts "focus on the origin of damages, not the legal theory asserted". *University of Illinois v. Continental Casualty Co.*, 234 Ill. App. 3d 340, 360, 599 N.E.2d 1338 (4th Dist. 1992). The "origin of damages" in the Underlying Case is Defendant's negligence in dealing with the transference effect that inevitably arises when the patient becomes psychologically dependent on the therapist, as alleged by the Plaintiff here. (The course of treatment gave Defendant "undue influence over her"; Underlying Complaint , par 25.)

*Continental Casualty Co. v. Donald T. Bertucci, Ltd.*, 399 Ill. App. 3d 775 (2010) is clearly distinguishable. In *Bertucci*, the issue revolved around the allegation that the lawyer there (Bertucci) retained an excessive amount of attorney's fees from the proceeds of a settlement. The court ruled that Bertucci's billing practices did not involve the rendition of "legal services", but rather his billing regimen or day to day business operations, which did not require the use of legal

4

acumen. *Bertucci*, 926 N.E.2d at 847. The Court ultimately recognized, as other courts have, that professional services in the context of insurance contracts cover "those acts which use the inherent skills *typified* by that profession, not *all* acts associated with the profession." *Id.* At 843, citing, *Gregg v. Valby*, 316 F. Supp. 2d 505, 513 (S.D. Tex 2004). (Emphasis in original). Here, the issue is not Defendant Giolas' ordinary everyday business practices, but rather, how he behaved toward Plaintiff during a course of psychiatric treatment.

Finally, Plaintiff argues that the State Court Plaintiff's Complaint speaks only in terms of "emotional distress" which fails to qualify as "injury" under the policy, which defines injury as "bodily injury, sickness, disease or death sustained by any one person". (Br. for Plaintiff, pp. 7-8).

First, Plaintiff is wrong that the Complaint is limited to "emotional distress". One of the counts of the Complaint involves "battery" or sexual touching, clearly a species of bodily injury. And, the policy affirmatively promises Defendant coverage for such claims (unless it falls into the exception where it is proved that "such behavior occurred as an essential element of the cause of action"). (Policy, Section VIII 5, Plaintiff's Complaint, Dkt. No. 1, ¶ 13).

Second, even a case cited by Plaintiff, *University of Illinois v. Continental Casualty Co.*, *supra,* explains that unless the policy tautologically defines "bodily

5

injury" as limited to "bodily injury", the phrase can encompass more than harm to the physical human body, to wit:

> [T]he use of the term injury, without limiting it to actual physical injury has allowed the courts of this State to find coverage for loss of consortium claims…[The insurance company] should have defined bodily injury by its own term rather than by a term which broadened its ordinary meaning." *University of Illinois*, 599 N.E.2d 1338, 1353, <u>citing</u>, *Filip v. North River Insurance Co.*, 201 Ill. App. 3d 351, 354-55 (1990).

## Conclusion

For all the foregoing reasons, Defendant **Dale Giolas M.D.** urges this Court to grant Defendant's Motion For Summary Judgment requiring Plaintiff **Professional Solutions Insurance Company** to provide a defense for Defendant in the Underlying Case.

Respectfully submitted,

*/s/ Richard D. Grossman*
Richard D. Grossman
Attorney for Defendant Dale Giolas, M.D.

Richard D. Grossman
**Law Offices of Richard D. Grossman**
211 West Wacker Drive
Suite 710
Chicago, IL  60606
(312) 750-9308